Per Curiam.

The primary, question raised by these appeals is whether the Board of Tax Appeals in reviewing an assessment of a penalty by the Tax Commissioner under the provisions of Section 5728.10, Bevised Code, must -first determine that the Tax Commissioner abused his discretion in assessing the penalty before such board can reverse or modify the assessment.
That such a penalty, like any other assessment made by a taxing authority, is subject to review cannot be questioned. The only issue presented is the basis upon which such assessment may be reversed or modified by the Board of Tax Appeals. To determine this matter we must first look to the statute under which the penalty is imposed.
Section 5728.10, Bevised Code, reads in part as follows:
“A penalty of 15 per cent shall be added to the amount of assessment made pursuant to the provisions of this section. The Tax Commissioner shall have power to adopt and promulgate rules and regulations providing for the remission of penalties added to assessments made pursuant to the provisions of this section.”
An examination of this section clearly shows that the imposition of the penalty is mandatory with power reposed in the Tax Commissioner to adopt rules and regulations for the remission thereof.
On July 14, 1958, in order to implement the penalty remis *485 sion power granted by Section 5728.10, Revised Code, the Tax Commissioner promulgated Rule No. 126, which provides in part as follows:
“In the event of a tax assessment to which a 15 per cent penalty has been added under the provisions of the Ohio sales tax, use tax or highway use tax laws is paid in its entirety within 30 days after the date on which notice of assessment is served on the person assessed, the Tax Commissioner may remit such part of the penalty as he may deem proper. * * *”
The statutory power to adopt rules and regulations for the remission of penalties creates a discretionary power in the Tax Commissioner. Thus, the remission of the penalty under Section 5728.10, Revised Code, differs from the ordinary assessment of taxes in that the remission of the penalty, unlike the assessment of a tax, is in the first instance left to the discretion of the Tax Commissioner.
Clearly, therefore, before the Board of Tax Appeals can order the remission of a penalty imposed by the Tax Commissioner under this section it must affirmatively find that the Tax Commissioner abused his discretion in refusing to remit the penalty.
The determination by the Board of Tax Appeals that the orders of the Tax Commissioner assessing such penalties are unreasonable and contrary to law does not in and of itself constitute a finding that the Tax Commissioner abused his discretion in making such orders.
The Board of Tax Appeals failed to determine that the Tax Commissioner abused his discretion in assessing the penalties. It follows that the board’s decisions, which in effect remit the penalties, are unreasonable and contrary to law and must be reversed.
The decisions of the Board of Tax Appeals are reversed, and final judgments are rendered for the Tax Commissioner.

Decisions reversed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Peck, JJ., concur.